**Fred THOMPSON et al.**

v.

**UNITED STATES of America.**

Civ. No. 4098.

United States District Court
N. D. Texas,
Fort Worth Division.

April 27, 1961.

Benjamin L. Bird, Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., for plaintiffs.

W. B. West, III, U. S. Atty., Fort Worth, Tex., William M. Ravkind, John

Murray, Dept. of Justice, Washington, D. C., for government.

DAVIDSON, District Judge.

In the above entitled and numbered cause the plaintiffs sue for the recovery of income tax paid in connection with the sale and financing of automobiles.

■ The plaintiffs set forth in their pleading and in their evidence a substantial and continuous loss in the way of bad debts during the years involved. From the evidence before us we conclude that these bad debts were definitely established and should be allowed.

Proceeding to the other phase of the case, the question arises with reference to expenses incurred by the finance company in the way of paying salesmen.

The Government Employers Finance Company, abbreviated G.E.F.C., is the complainant and will be referred to for brevity as the finance company. It and its officers owned a controlling interest in an insurance company, the International Service Insurance Corporation, abbreviated as I.S.I.C., and for brevity will be called the insurance company.

The finance company was in the business of loaning money to the purchasers of automobiles with the bulk of their business coming from servicemen. In financing the automobiles, the finance company offered a "package" deal, i. e., a finance contract and insurance arrangements. This enabled the customers to take care of all the financing arrangements at one time. The finance company was made co-beneficiary of the insurance policy to cover the amount of the finance loan given the customer.

The commissions paid to G.E.F.C. salesmen were composed of a flat fee of $8 per finance contract and an amount equal to 10 per cent of the insurance premiums issued with the finance contract. G.E.F.C. carried both forms of commission payments on its books and took both as a deduction in determining federal income tax owed.

The Director allowed as a salary deduction that part of the commissions paid by G.E.F.C. to their agents comprising the flat fee of $8 per finance contract. He disallowed the 10 per cent of insurance premiums paid as commissions. The Director reasoned that the commissions of 10 per cent of the insurance premiums were not the proper expenses of G.E.F.C. but were the expenses of I.S.I.C., the insurance company.

The Taxpayers argue that the payment of 10 per cent of insurance premiums to their agents was not for the sale of I.S.I.C. insurance but rather that the 10 per cent of insurance premiums was used as a standard for compensating their agents for the finance contract sale. Instead of using a fixed figure per transaction, G.E.F.C. contends they used the lower flat rate of $8 and gave their agents other compensation determined by a per cent of the insurance premium sold. They reasoned that a larger flat fee was unfair in that the same fee would be given regardless of whether a $100 or a $2,000 finance contract was sold, and that a commission based solely on a per cent of the amount financed tempted the agents to over finance the customers' automobiles.

The question then arises, was this 10 per cent an expense of the finance company or was it an expense of the insurance company. If it was an expense of the insurance company, then there is no liability on the part of the United States government to the finance company. On the other hand, if the figures used were only a standard or schedule in the nature of a sliding scale by which additional compensation would be determined for the salesman and was not to be paid by the insurance company but was paid only by the finance company, then it would constitute a business expense which might be charged up as a part of the cost of operation and in such event it could be deducted as such.

■ The evidence is that everything the salesmen did was for the benefit of the finance company; the amounts paid per transaction were reasonable and proper; they were paid for benefits the finance company received; they were

paid by the finance company. We therefore hold that the amounts involved were deductible by the finance company. Judgment will be for the plaintiff.

The foregoing constitute the findings of fact and conclusions of law of the Court.